**UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | |
|---|---|
| In re<br><br>**JAMES ALONZO SOWELL,**<br><br>Debtor. | Case No. 10-02347<br>Chapter 11<br>Judge Marian F. Harrison<br><br>**ORIGINAL CHAPTER 11 PLAN** |

## TABLE OF CONTENTS

I.   **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.  **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** . . . . . 2
    A.   General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.   Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        1.   Administrative Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        2.   Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    C.   Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        1.   Classes of Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        2.   Classes of Priority Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . 4
        3.   Class of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . 5
        4.   Class(es) of Interest Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    D.   Means of Performing the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        1.   Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        2.   Post-Confirmation Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        3.   Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
III. **TREATMENT OF MISCELLANEOUS ITEMS** . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    A.   Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        1.   Assumptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        2.   Rejections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    B.   Changes in Rates Subject to Regulatory Commission Approval . . . . . . . . . . . 7
    C.   Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
IV.  **EFFECT OF CONFIRMATION OF PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    A.   Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    B.   Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    C.   Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    D.   Post-Confirmation Status Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    E.   Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    F.   Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    G.   Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED . . . . . . . . . . . . . . . . . . . . 10
    EXHIBIT B - EXECUTORY CONTRACTS TO BE ASSUMED . . . . . . . . . . . . . . . 10

# I.

# INTRODUCTION

James Alonzo Sowell is the Debtor in a Chapter 11 bankruptcy case. On March 4, 2010, Debtor commenced a voluntary bankruptcy case by filing a Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which is pending approval by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by using Debtor's income. The Effective Date of the proposed Plan is 45 days after confirmation.

# II.

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.     General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.     Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

2

### 1. Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

There are no administrative claims under the plan.

### 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

There are no priority tax claims under the Plan.

## C. Classified Claims and Interests

### 1. Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | Secured claim of:<br>• Name = BAC Home Loans Servicing<br>• Collateral description = House and lot located at 7402 Bermuda Dr., Christiana, TN<br>• Collateral value = $140,000.00<br>• Priority of security int. = First<br>• Principal owed = $58,931.20<br>• Arrearage amount = $0.00<br>• Total claim amount = $58,931.20 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval = Monthly<br>• Pymt amt/interval = $256.47<br>• Begin date = June 1, 2011<br>• End date = May 1, 2041<br>• Interest rate = 3.25%<br>• Total payout 100% = $92,329.20<br>• Treatment of Lien = Retained until completion |
| 3 | Secured claim of:<br>• Name = BAC Home Loans Servicing<br>Collateral description = House and lot located at 2013 9th Ave. N., Nashville, TN<br>• Collateral value = $59,100.00<br>• Priority of security int. = First<br>• Principal owed = $48,760.47<br>• Arrearage amount = $0.00<br>• Total claim amount = $48,760.47 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval = Monthly<br>• Pymt amt/interval = $212.21<br>• Begin date = June 1, 2011<br>• End date = May 1, 2041<br>• Interest rate = 3.25%<br>• Total payout 100% = $23,836.00<br>• Treatment of Lien = Retained until completion |

3

| 3 | Secured claim of:<br>• Name = BAC Home Loans Servicing<br>• Collateral description = House and lot located at 1917 10th Ave. N., Nashville, TN<br>• Collateral value = $72,000.00<br>• Priority of security int. = First<br>• Principal owed = $25,000.00<br>• Arrearage amount = $0.00<br>• Total claim amount = $25,000.00 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval    = Monthly<br>• Pymt amt/interval    = $108.80<br>• Begin date    = June 1, 2011<br>• End date    = May 1, 2041<br>• Interest rate    = 3.25%<br>• Total payout    = $38,168.00  100%<br>• Treatment of Lien    = Retained until completion |
| --- | --- | --- | --- | --- |
| 3 | Secured claim of:<br>• Name = Select Portfolio Servicing<br>• Collateral description = Duplex located at 30 & 32 Shepard St., Nashville, TN<br>• Collateral value = $58,700.00<br>• Priority of security int. = First<br>• Principal owed = $44,906.34<br>• Arrearage amount = $0.00<br>• Total claim amount = $44,906.34 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval    = Monthly<br>• Pymt amt/interval    = $195.44<br>• Begin date    = June 1, 2011<br>• End date    = May 1, 2041<br>• Interest rate    = 3.25%<br>• Total payout    = $70,358.40  100%<br>• Treatment of Lien    = Retained until completion |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Secured claim of:<br>• Name = America's Servicing Co.<br>• Collateral description = Duplex located at 1236 1st Ave. S., Nashville, TN<br>• Collateral value = $38,700.00<br>• Priority of security int. = First<br>• Principal owed = $54,606.48<br>• Arrearage amount = $1,413.87<br>• Total claim amount = $54,606.48 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br>• End date<br>• Interest rate<br>• Total payout 100%<br>• Arrearage Pmt.<br>• Treatment of Lien | = Monthly<br>= $207.75<br>= June 1, 2011<br>= May 1, 2041<br>= 5.00%<br>= $76,230.00<br><br>= $24.00 for sixty months<br>= Retained until completion |
| 3 | Secured claim of:<br>• Name = BAC Home Loans Servicing<br>• Collateral description = Duplex located at 1258 A & B Thomas St., Nashville, TN<br>• Collateral value = $53,000.00<br>• Priority of security int. = First<br>• Principal owed = $39,141.00<br>• Arrearage amount = $0.00<br>• Total claim amount = $39,141.00 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br>• End date<br>• Interest rate<br>• Total payout 100%<br>• Treatment of Lien | = Monthly<br>= $170.34<br>= June 1, 2011<br>= May 1, 2041<br>= 3.25%<br>= $61,322.40<br><br>= Retained until completion |

| 3 | Secured claim of:<br>• Name = JP Morgan Chase<br>• Collateral description = 2008 Nisan Titan<br>• Collateral value = $20,000.00<br>• Priority of security int. = First<br>• Principal owed = $17,326.25<br>• Arrearage amount = $0.00<br>• Total claim amount = $17,326.25 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval = Monthly<br>• Pymt amt/interval = $313.26<br>• Begin date = June 1, 2011<br>• End date = May 1, 2016<br>• Interest rate = 3.25%<br>• Total payout = $18,795.60 100%<br>• Treatment of Lien = Retained until completion |
|---|---|---|---|---|

**2.    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

There are no priority unsecured claims under the plan.

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims:

6

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 4 | General unsecured claims<br><br>• Total amt of claims = $46,564.86 | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br><br>• End date<br><br>• Interest rate<br>• Total payout 100 % | = Monthly<br>= $388.05<br>= June 1, 2011<br>= May 1, 2021<br>= 0.00%<br>= $46,566.00 |

### 4. Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder.

The Debtor is an individual in this case.

### D. Means of Performing the Plan

#### 1. Funding for the Plan

The Plan will be funded by the following: Income from Debtor's employment and rental income.

#### 2. Post-confirmation Management

The Debtor shall be responsible for post-confirmation management.

#### 3. Disbursing Agent

Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

### III.

### TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

1. **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed):

Residential leases with the following individuals:

**ALICIA SWIFT**
**1258 B THOMAS ST**
**Nashville, TN 37210**

**ALVIN CHILDRESS**
**1236 1ST AVE S**
**Nashville, TN 37210**

**CURTIS CRAWFORD**
**30 & 32 SHEPARD ST**
**Nashville, TN 37208**

**JACOB**
**1258 A SHEPARD ST**
**Nashville, TN 37210**

**JOHN & BEVERLY RUCKER**
**1620 24TH AVE N**
**Nashville, TN 37208**

**QUEENEY SCALES**
**1258 THOMAS STREET**
**APT A**
**Nashville, TN 37210**

**RICHARD RIGGLY**
**2013 9TH AVE N**
**Nashville, TN 37208**

**UHINDRIA HOOTEN**
**1917 10TH AVE N**
**Nashville, TN 37208**

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of

8

your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section {I.B.3.} of this document for the specific date.

    **2.**    **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:

All executory contracts and leases not explicitly assumed above.

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS FEBRUARY 11, 2011. Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.**    **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.**    **Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

### IV.

### EFFECT OF CONFIRMATION OF PLAN

**A.**    **Discharge**

This Plan provides that On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of

Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in the plan.

**B.     Revesting of Property in the Debtor**

Except as provided in Section {V.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.     Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation
only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.     Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.     Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.     Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court

10

Case 3:10-bk-02347    Doc 64    Filed 03/10/11    Entered 03/10/11 17:44:11    Desc Main
Document    Page 11 of 13

orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**G.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: March 8, 2011

/s/ Steven L. Lefkovitz, No. 5953
STEVEN L. LEFKOVITZ
Counsel to the Debtor
618 Church Street, Suite 410
Nashville, TN  37219
(615) 256-8300 fax (615) 255-4516

11

## EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **ALICIA SWIFT**<br>**1258 B THOMAS ST**<br>**Nashville, TN 37210** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **ALVIN CHILDRESS**<br>**1236 1ST AVE S**<br>**Nashville, TN 37210** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **CURTIS CRAWFORD**<br>**30 & 32 SHEPARD ST**<br>**Nashville, TN 37208** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **JACOB**<br>**1258 A SHEPARD ST**<br>**Nashville, TN 37210** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **JOHN & BEVERLY RUCKER**<br>**1620 24TH AVE N**<br>**Nashville, TN 37208** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **QUEENEY SCALES**<br>**1258 THOMAS STREET**<br>**APT A**<br>**Nashville, TN 37210** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |
| **RICHARD RIGGLY**<br>**2013 9TH AVE N**<br>**Nashville, TN 37208** | **LEASE WITH DEBTOR FOR RENTAL PROEPRTY** |
| **UHINDRIA HOOTEN**<br>**1917 10TH AVE N**<br>**Nashville, TN 37208** | **LEASE WITH DEBTOR FOR RENTAL PROPERTY** |

Case 3:10-bk-02347    Doc 64    Filed 03/10/11    Entered 03/10/11 17:44:11    Desc Main
Document    Page 13 of 13