IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 310-02347 |
| JAMES ALONZO SOWELL ) | Chapter 11 |
| ) | Judge: Harrison |
| Debtors. ) | |
| ) | |
| ) | |
| JAMES ALONZO SOWELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| -v- ) | |
| ) | |
| BANK OF AMERICA NA, ) | |
| ) | |
| Respondent. ) | |

## MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF SECTION 362(A), AND THE TERMS OF THE CONFIRMATION ORDER

Comes the Debtor, through counsel, and moves this Honorable Court to BANK OF AMERICA NA in contempt of this Court for willful violation of the automatic stay provisions of Section 362(a); and the provisions of the order confirming Chapter 11 plan In support of said motion, the following would be shown unto Court:

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee, which was confirmed by order of this Court.

The Debtor scheduled BANK OF AMERICA NA as a lienholder on house and lot under the terms and conditions of the attached provisions of the plan confirmed by the Court. This was confirmed by the attached order.

BANK OF AMERICA NA has failed to apply the funds paid by the Debtor in accordance with the order of confirmation of this Court. Said actions by BANK OF AMERICA NA constitute a wanton and willful violation of the automatic stay and the order of confirmation of this Chapter 11 plan, notwithstanding notice of the Bankruptcy and the automatic stay provisions of Section 362(a).

BASED ON THE FOREGOING, the Debtor prays that be held in contempt of the automatic stay provisions of Section 362(a), and for not complying with the terms and conditions of the order of confirmation entered in this case and that as appropriate sanctions, (1) that the claim of BANK OF AMERICA NA be deemed satisfied and paid in full, including against any co-obligor; (2) that BANK OF AMERICA NA be required to pay all compensatory damages suffered by the Debtor; (3) that the lien of BANK OF AMERICA NA be deemed released and satisfied in full; (4) that BANK OF AMERICA NA be assessed with the Debtor's reasonable attorney's m fees for pursuing this action; and that the Debtor have such other and further and general relief to which it would be entitled under the premises.

Respectfully submitted,

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz, BPR #5953
LEFKOVITZ AND LEFKOVITZ
618 Church Street, Ste 410
Nashville, Tennessee 37219
Telephone: (615) 256-8300
Facsimile: (615) 255-4516
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent to Kimberly Swafford, Assistant United States Trustee, and BANK OF AMERICA NA, by CM/ECF electronic filing, this May 4, 2018. Additionally, a copy of this pleading was sent to BANK OF AMERICA NA, 7105 Corporate Drive, Plano, Tx 75024 and Bank of America Na 6860 Argonne Street, Unit A, Denver, Co 80249, by US Mail. Postage Prepaid, this the 4th day of May, 2018.

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz

Dated: 08/01/11

Marian F. Harrison
US Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE: )
 ) Case No. 10-02347
**JAMES ALONZO SOWELL,** ) Chapter 11
 ) Judge Marian F. Harrison
Debtor. )

### ORDER OF CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION

This cause came to be heard on the 12th day of July, 2011, upon the Confirmation hearing in the above-captioned Chapter 11 proceedings. The Court, having heard statement of counsel and the testimony of the Debtor being proffered, hereby finds as follows:

1. That the plan filed on March 10, 2011, complied with the applicable provisions of the Code;

2. That the proponent of the plan complies with the applicable provisions of the Code;

3. That the plan has been proposed in good faith and not by any reason forbidden by law;

4. (a) That any payment made or promised by the proponent, by the Debtor or by any person issuing securities or requiring property under the plan, for services or for costs and expenses, in or in connection with the case, or connection with the plan or incident to the case, have been disclosed to the Court; and

(b) Any such payment before confirmation of its reasonable; or if such payment is to be fixed after confirmation of the plan, such payment is subject to the approval of the Court is reasonable;

5. (a) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy;

(b) The proponent of the plan has disclosed identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider;

6. Any regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtors has approved any rate change provided for in the plan, or such rate changes expressly conditioned on such approval;

7. With respect to each class:

(a) Each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than an amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7; or

(b) if Section 1111(b)(2) of the Code applies to the claims of such classes, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claim;

8. With respect to each class, such class accepted plan, or such is not impaired under the plan;

9. Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the plan provides that:

(a) With respect to a claim of the kind specified in Section 507(a)(1) or Section 507(a)(2) of the Code, on the effective date of the plan, the holder of such claim will receive on account of such cash equal to the allowed amount of such claim;

(b) With respect to a class of claims with kinds specified in Sections 507(a)(3), 507(a)(4), or 507(a)(5) of the Code, each holder of a claim of such class will receive, if such class has accepted the plan, deferred cash payments with a value, as of the effective date of the plan, equal to the allowed amount of such claim; or, if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim; and

(c) With respect to a claim of a kind specified in Section 507(a)(6) of the Code, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six (6) years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim;

10. At least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class;

11. Confirmation of the plan is not likely to be followed by liquidation, or the need for

further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

12. That the plan treatment of America's Servicing Company has been modified to reflect the Agreed Order entered on July 15, 2011.

13. That the plan treatment of the Select Portfolio Servicing has been modified to reflect the Agreed Order entered on July 25, 2011.

14. That the plan treatment of the BAC Home Loans Servicing has been modified to reflect the Agreed Order entered on July 25, 2011.

15. All other provisions of the plan filed shall remain in effect.

It is, therefore, **ORDERED** that the plan filed by the Debtor-in-possession on March 10, 2011, is hereby **CONFIRMED**.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Steven L. Lefkovitz, No. 5953
Steven L. Lefkovitz
Attorney for Debtors
618 Church Street, Suite 410
Nashville, Tennessee 37219
(615) 256-8300 fax (615) 255-4516
email: slefkovitz@lefkovitz.com

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:10-bk-02347    Doc 96    Filed 08/03/11    Entered 08/03/11 12:37:37    Desc Main Document    Page 3 of 3
Case 3:10-bk-02347    Doc 148    Filed 05/04/18    Entered 05/04/18 15:45:34    Desc Main Document    Page 5 of 5