IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br>JAMES ALONZO SOWELL,<br>    Debtor. | Case No. 3:10-bk-02347<br>Chapter 11 |
| JAMES ALONZO SOWELL,<br>    Movant,<br>v.<br>WELLS FARGO BANK, N.A.,<br>    Respondent. | **CONTESTED MATTER** |

**RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT**

COMES NOW, Wells Fargo Bank, N.A. f/k/a Wells Fargo Bank Minnesota, N.A., as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2003-8, Mortgage Pass-Through Certificates, Series 2003-8 ("Wells Fargo")[1] [2], and files this Response to the Debtor's Motion for Contempt [Doc. 155], respectfully showing this Honorable Court as follows:

1. Wells Fargo is the holder of Claim No. 10, secured by the property located at 2013 9th Ave. N., Nashville, Tennessee. This claim is categorized in the confirmed Chapter 11 Plan in Class 3, with treatment as follows:

[SEE NEXT PAGE]

---

[1] The Debtor incorrectly named the Respondent as simply "Wells Fargo Bank, N.A."
[2] On May 4, 2018, the Debtor filed nearly the identical Motion for Contempt against Bank of America, N.A., which is the servicer for Wells Fargo. *See* [Doc. 148]. It appears that this Motion for Contempt was abandoned in favor of [Doc. 155], as it was never properly served, and a hearing date came and went without any orders being entered. To the extent that [Doc. 148] is still pending, this Response is also on behalf of Bank of America, and Wells Fargo's arguments are equally applicable to the prior motion.

1

| 3 | Secured claim of:<br>• Name = BAC Home Loans Servicing<br>Collateral description = House and lot located at 2013 9th Ave. N., Nashville, TN<br>• Collateral value = $59,100.00<br>• Priority of security int. = First<br>• Principal owed = $48,760.47<br>• Arrearage amount = $0.00<br>• Total claim amount = $48,760.47 | N | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval = Monthly<br>• Pymt amt/interval = $212.21<br>• Begin date = June 1, 2011<br>• End date = May 1, 2041<br>• Interest rate = 3.25%<br>• Total payout = $23,836.00 100%<br>• Treatment of Lien = Retained until completion |
|---|---|---|---|---|

2. On November 23, 2018, the Debtor filed a Motion for Contempt for Violation of the Automatic Stay Provisions of Section 362(a), and the Terms of the Confirmation Order (the "Motion for Contempt"). [Doc. 155]. The Motion for Contempt alleges that Wells Fargo

> has failed to apply the funds paid by the Debtor in accordance with the order of confirmation of this Court. The failure to apply said funds has resulted in WELLS FARGO BANK scheduling a foreclosure sale of the real estate owned by the Debtor at 2013 9th Avenue North, Nashville, TN 37208 for August 2, 2018. Counsel for the Debtor contacted the law firm conducting the foreclosure requesting that the sale be canceled. To date, said sale is still scheduled for August 2, 2018.
>
> Said actions by WELLS FARGO BANK NA constitute a wanton and willful violation of the automatic stay and the order of confirmation of this Chapter 1 1 plan, notwithstanding notice of the Bankruptcy and the automatic stay provisions of Section 362(a).

*Id.* at p. 1.

3. The Debtor's allegations are incorrect. Until August 2015, the Debtor was paying only amounts for principal and interest in the amount of $212.71 (although there were at least three months without any payments made whatsoever), and was not adding in amounts for escrow payments required by the subject deed of trust. *See* [Claim No. 10-1] at Part 2, p. 5.

Although the confirmed plan does not explicitly mention escrow payments, it explicitly keeps the deed of trust in place until completion of all payments. There was no modification of the Debtor's obligation to pay for taxes and insurance.

4. Because the Debtor failed to make required payments, he is in default under the terms of the deed of trust and Wells Fargo is within its rights to proceed with a foreclosure sale.

5. In addition to the fact that the Debtor is in default, he cannot obtain the relief he is seeking under 11 U.S.C. § 362. Confirmation of the plan revested all property in the debtor, [Doc. 64] at p. 11, and this case was closed on October 19, 2011, and there has been no automatic stay in effect since that date. *See* 11 U.S.C. § 362(c).

6. Lastly, the Debtor has failed to properly serve Wells Fargo with the Motion for Contempt pursuant to Fed. R. Bankr. P. 7004. As an insured depository institution, Wells Fargo must be served under Rule 7004(h) by sending the Motion by certified mail to an officer, or to an attorney who has appeared on its behalf. The Motion was served only on Robert S. Coleman, an attorney who has never appeared in this case on behalf of Wells Fargo. This is not permitted under the rule. *See In re Perry*, No. 07-00429, 2007 WL 4616292, at *1 (Bankr. D.D.C. Dec. 31, 2007) (serving attorney who appeared only in separate state court lawsuit on behalf of respondent is insufficient). "Effective service or process, made in compliance with Rule 7004 . . . is a prerequisite to the bankruptcy court exercising personal jurisdiction over a litigant." *In re 701 Mariposa Project, LLC*, 514 B.R. 10, 16 (B.A.P. 9th Cir. 2014) (citations omitted). Because there was no service in compliance with Rule 7004, this Court lacks personal jurisdiction over Wells Fargo and the Motion for Contempt must be denied.

3

Case 3:10-bk-02347    Doc 162    Filed 08/07/18    Entered 08/07/18 14:25:50    Desc Main
Document      Page 3 of 4

WHEREFORE, Wells Fargo respectfully requests that this Court deny the Debtor's Motion for Contempt.

Respectfully submitted, this 7th day of August, 2018.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for Wells Fargo Bank, N.A. f/k/a Wells Fargo Bank Minnesota, N.A., as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2003-8, Mortgage Pass-Through Certificates, Series 2003-8*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2018, a copy of the within and foregoing has been filed via CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)